IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

                                                                          No. CIV 04-44 JAP
                                                                              No. CR 00-82 JAP

MARCUS HAHN,

       Defendant-Movant.

**MEMORANDUM OPINION AND ORDER**

       In Defendant-Movant Marcus Hahn's MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4) (Motion) (Doc. No. 34 in No. CIV 04-44 and Doc. No. 165 in No. CR 00-82), Mr. Hahn seeks relief from the imposition of a mandatory minimum consecutive sentence of 25 years. Mr. Hahn argues that he has presented a "true" Rule 60(b) claim rather than a second or successive habeas motion that the Court cannot address. The United States' RESPONSE TO MOTION FOR RELIEF FROM JUDGMENT FILED PURSUANT TO RULE OF CIVIL PROCEDURE 60 (Response) (Doc. No. 35) asserts that Mr. Hahn's request for relief under Rule 60 is a second or subsequent 28 U.S.C. § 2255 Motion that cannot be filed without precertification by the Court of Appeals. Thus, the Government asks that Mr. Hahn's Motion be dismissed or forwarded to the Tenth Circuit Court of Appeals as a second or successive § 2255 motion. MR. HAHN'S RESISTANCE TO GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF FROM JUDGMENT FILED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)(4) (Reply) (Doc. No. 36)

1

requests that the Court deem as void its earlier decision dismissing Mr. Hahn's 28 U.S.C. § 2255 Motion. Mr. Hahn's argues that the district court previously misunderstood his position regarding the "unit of prosecution of § 924(c)(1)(A)" and, consequently, left that habeas claim unaddressed on the merits. Reply at 2.

## Background

On December 31, 1999, law enforcement officials executed a search warrant on Mr. Hahn's home near Albuquerque, New Mexico where they found firearms and marijuana plants.[1] *See United States v. Hahn*, 191 F. App'x 758 (10th Cir. Aug. 14, 2006). On December 7, 2000, a jury found Mr. Hahn guilty of: "manufacturing marijuana; maintaining a place to manufacture, distribute and use marijuana; possessing a firearm in furtherance of manufacturing marijuana; and possessing a firearm in furtherance of maintaining a place to manufacturer, distribute and use marijuana." *Id.* at 759.

Mr. Hahn was sentenced under former 18 U.S.C. § 924(c)(1) (2000). That statute read:

> (A)    … any person who, during and in relation to any … drug trafficking crime … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such … crime …
>
> (B)    be sentenced to a term of imprisonment of not less than 10 years [if the firearm is a semiautomatic assault weapon]….
>
> (C)    In the case of a second or subsequent conviction under this subsection, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years.

*Id.*.

---

[1] Officers also found more than 50 audio and video tapes of Mr. Hahn sexually abusing young boys who appeared to have been sedated. The government prosecuted Mr. Hahn for sexual exploitation of children and for possession of child pornography. *United States v. Hahn*, No. CR 00-1344 JAP (D.N.M.). Mr. Hahn pled guilty to some of the charges in the Indictment and was sentenced to a period of 292 months in the child pornography case. (Doc. No. 77 in No. CR 00-1344). Mr. Hahn's conviction was affirmed. *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2006). His related § 2255 motion was dismissed, (Doc. No. 94 in No. CR 00-1344), and the Tenth Circuit Court affirmed. *United States v. Hahn*, 261 F. App'x 90 (10th Cir. 2008).

On July 12, 2001, this Court imposed a five-year mandatory minimum sentence as to the manufacturing marijuana conviction and a 27-month concurrent sentence as to the maintaining a place to manufacture marijuana conviction. Mr. Hahn also received a 10-year mandatory minimum consecutive sentence for possession of a firearm in furtherance of manufacturing marijuana and a 25-year mandatory minimum consecutive sentence for possession of a firearm in furtherance of maintaining a place to manufacture marijuana. Thus, the Court sentenced Mr. Hahn to a total period of imprisonment of 40 years.

Mr. Hahn's 25-year consecutive sentence for the second firearm offense formed the basis of his appeal. Mr. Hahn argued that his conviction for possessing a firearm in furtherance of maintaining a place to manufacture marijuana could not qualify as a second or subsequent conviction to his other possession of a firearm conviction based on his position that the underlying drug crimes "were coterminous in space and time." *Id.* In affirming the conviction and sentence, the Tenth Circuit Court cited prior precedent that "consecutive sentences may be imposed for multiple 924(c) counts if the offenses underlying each 924(c) count do not constitute a single offense for double jeopardy purposes." *Id.* at 759–60 (*citing United States v. Hahn*, 38 F. App'x 553, 555 (10th Cir. 2002)) (quotation omitted). The Tenth Circuit Court was not persuaded that "the time-space overlap between the drug offenses meant that there was only one firearm offense" and concluded that there were no double jeopardy problems since Mr. Hahn's drug convictions were for separate and distinct wrongs. *Id.* at 759.

In January 2004, Mr. Hahn brought a 28 U.S.C. § 2255 Motion to vacate, set aside, or correct his sentence, arguing that double jeopardy barred multiple § 924(c)(1) firearm convictions "based on multiple predicate offenses which are factually inseparable in terms of time, space and underlying conduct." *See id.* at 760. Mr. Hahn also argued that § 924(c) required

3

an application of the "rule of lenity" because of ambiguities in the statute. *Id.* Mr. Hahn claimed that his attorney was ineffective for failing to raise these arguments on appeal. On May 12, 2004, this Court dismissed Mr. Hahn's § 2255 Motion, finding that Mr. Hahn had unsuccessfully litigated these same issues on appeal and that the claims lacked merit. Doc. No. 9 ¶¶ 8–11, Doc. No. 12.

Mr. Hahn then moved for reconsideration under Fed R. Civ. P. 59(e), disagreeing that his double jeopardy claim had been resolved on direct appeal. *Hahn*, 191 F. App'x at 760. He also filed several motions in an attempt to amend his § 2255 Motion. *Id.* This Court treated the motions as successive § 2255 motions and transferred them to the Tenth Circuit Court. *Id.* The Tenth Circuit Court issued a certificate of appealability to consider the § 924(c)(1) issues but subsequently affirmed the district court's dismissal of Mr. Hahn's § 2255 Motion. *Id.* at 762.

### Second or Successive § 2255 Motion vs. True Rule 60(b) Motion

The Court first must determine whether Mr. Hahn's Motion is a second or successive § 2255 motion or a "true" Rule 60(b) motion. If the court decides that a motion is actually a second or successive petition, the district court does not address the merits of the claim but may transfer the matter to the Tenth Circuit Court for authorization under 28 U.S.C. § 2255(h). *Spitznas v. Boone*, 464 F.3d 1213, 1216–17 (10th Cir. 2006). This result is guided by the principle that "a prisoner generally is entitled to only *one* adequate and effective opportunity to test the legality of his detention, in his *initial* § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 586 (10th Cir. 2011) (emphasis in original), *cert. denied*, 132 S.Ct. 1001 (2012). In contrast, if the district court finds that the motion is a true Rule 60(b) motion, the court should rule on it as it would any other Rule 60(b) motion. *Spitznas,* 464 F.3d at 1217. In determining whether a motion is a true Rule 60(b) motion, "[i]t is the relief sought not his pleading's title, that determines

whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.").

     A.     *Second or Successive § 2255 Motion*

The Antiterrorism and Effective Death Penalty Act (AEDPA) habeas corpus statutes limit the authority of federal courts to entertain second or successive applications for writs of habeas corpus. *Spitznas*, 464 F.3d at 1215 (citing 28 U.S.C. §§ 2244, 2254, and 2255). A § 2255 habeas motion is subject to two significant statutory "gate-keeping" restrictions, including a ban on second and successive motions as codified under 28 U.S.C. § 2255(h). "A post-judgment motion must be treated as a second or successive – and certified by an appellate panel – if it asserts or reasserts a substantive claim to set aside the movant's conviction." *Hahn*, 191 F. App'x at 762 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)).

The Tenth Circuit Court has explained that "whether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted [§ 2255] proceeding itself." *Nelson*, 465 F.3d at 1147. A Rule 60(b) motion will be considered a second or successive § 2255 motion "if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the [§ 2255] proceeding." *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012).

Other examples of Rule 60(b) motions that are actually second or successive § 2255 motions include those seeking "to present a claim of constitutional error omitted from the movant's initial habeas petition," those seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, and those "seek[ing] vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Spitznas*, 464 F.3d at 1216 (citing *Gonzalez,* 545 U.S. at 530–32) (citations and internal quotation marks omitted).

B.     *True Rule 60(b) Motion*

A true Rule 60(b) motion "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas motion." *Id*. at 1215-16 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005)). For example, a motion asserting that the court erred in dismissing a habeas petition due to a procedural bar, a motion challenging the court's application of a federal statute of limitations, or a motion seeking vacatur of a judgment that is void for lack of subject matter jurisdiction all qualify as true Rule 60 motions. *Gonzalez*, 545 U.S. at 533; *Spitznas*, 464 F.3d at 1216.

C.     *Analysis*

Mr. Hahn tries to frame his arguments to fit the contours of a true Rule 60 motion. In other words, Mr. Hahn states that this Court failed to consider one of the claims raised in his 2004 habeas motion and that, therefore, a defect exists in the integrity of the habeas proceedings. Motion at 6. According to Mr. Hahn, the defect is straightforward in that none of the decisions in his underlying federal habeas proceeding specifically addressed the "unit of prosecution" claim

6

that he presented in his § 2255 Motion. Mr. Hahn argues that the recent Tenth Circuit Court of Appeals decision in *United States v. Rentz*, 777 F. 3d 1105 (10th Cir. 2015) "shed[s] light on the defect in the integrity of the federal habeas proceeding." Motion ¶ 20.

In *Rentz*, the Tenth Circuit Court examined 18 U.S.C. § 924(c) and that statute's heightened penalties for those who use guns to commit violent crimes or drug offenses. *Rentz.* 777 F.3d at 1106. The *Rentz* Court asked what the statute's proper unit of prosecution was under circumstances when the defendant used a gun only once but did so during and in relation to two separate crimes. *Id.* at 1107. Must the government prove a separate "use, carry, and possession" of a firearm for each separate § 924(c)(1)A) charge it brings? *Id.*.

The *Rentz* Court characterized the question as a "unit of prosecution case," in other words, "an inquiry into the 'minimum amount of activity for which criminal liability attaches' for each charge under a single criminal statute." *Id.* at 1108. Significant consequences attached to the answer. If the defendant faced a single § 924(c)(1)(A) charge, he would receive a prison sentence of 5 to 10 years. But, if the government was permitted to bring a second § 924(c)(1)(A) charge premised on a single "use, carry, and possession" of a firearm, the defendant could face a second mandatory sentence of 25 years, *id.* at 1107, which is essentially what occurred in Mr. Hahn's case.

The Tenth Circuit Court observed that before 2015, it had not yet clearly decided whether a separate use, carry, or possession of a firearm was necessary to support each count of conviction. *Id.* at 1108. After an exhaustive examination of the statutory language and grammar, the *Rentz* Court reasoned that "if a federal criminal statute is so enigmatic that the government has experienced such difficulty settling on its meaning maybe that goes some way toward showing that ordinary citizens lack reasonable notice about its meaning and the time has come to

let lenity in." *Id.* at 1114. Thus, in cases that involve only one use, carry, or possession of a firearm, the Tenth Circuit Court held that the government may seek and obtain "no more than one § 924(c)(1)(A) conviction." *Id.* at 1115.

      Had *Rentz* been the law in 2001, Mr. Hahn might have received a different sentence. But, the Tenth Circuit Court did not decide *Rentz* until almost fourteen years after Mr. Hahn received his 40-year sentence. Although the *Rentz* decision has no application to Mr. Hahn's circumstances, Mr. Hahn's substantial reliance on *Rentz* is telling as to whether he asserts a true Rule 60(b) motion or a second or successive habeas motion that may not proceed before this Court. Put differently, if *Rentz* has no bearing on his sentence, why would Mr. Hahn emphasize the 2015 decision if not to argue that: 1) the District Court erred in 2001 by sentencing him to a 25-year consecutive sentence for the second firearm offense; 2) the Tenth Circuit Court erred in 2002 by affirming his conviction and sentence; 3) the District Court erred in 2004 by dismissing his habeas motion that expressly raised the "unit of prosecution" claim; and 4) the Tenth Circuit Court erred in 2006 by affirming the district court's dismissal of the § 2255 Motion and by rejecting his challenges to the 25-year consecutive sentence? Mr. Hahn's challenge does not identify a defect in the integrity of the habeas proceedings or dispute a procedural ruling. Rather, Mr. Hahn's Rule 60(b) Motion takes up where his earlier § 2255 Motion left off, that is, Mr. Hahn reasserts a federal basis for relief from his underlying sentence. Thus, the purported Rule 60 Motion challenges the Court's denial of Mr. Hahn's habeas claims on the merits and is, in essence, the equivalent of a successive habeas motion.

      A § 2255 motion "is one claiming … that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack." *Nelson*, 465 F.3d at 1148. Mr. Hahn utilized the federal habeas process to attack his sentence under § 2255. In the § 2255 Motion, Mr. Hahn presented the "unit of prosecution" claim and the related double jeopardy argument. Doc. No. 1 at 5. The United States Magistrate Judge observed that Mr. Hahn had raised this issue on appeal but had lost. Doc. No. 9 ¶ 8. Even if permitted to pursue the previously decided and rejected argument in the habeas motion, the Magistrate Judge concluded that Mr. Hahn could not have prevailed on the merits and, furthermore, that the rule of lenity did not apply. *Id.* ¶¶ 9–11; Doc. No. 12. In his appeal of the denial of the § 2255 Motion, Mr. Hahn again argued that the two consecutive sentences violated the Double Jeopardy Clause. The Tenth Circuit Court concluded that even if Mr. Hahn's attorney had raised the issue on appeal, the double jeopardy challenge would have failed under then-existing Tenth Circuit precedent. *Hahn*, 191 F. App'x at 761 ("Despite Hahn's failure to make a double jeopardy argument on direct appeal, this court reached the issue in deciding whether § 924(c)(1) supported Hahn's second firearm sentence.").

Mr. Hahn strategically states that his Rule 60 Motion is not a "revisitation" of the merits of the § 2255 Motion and that it does not present a new claim that would constitute an impermissible second habeas motion. Mr. Hahn argues that the District Court did not address his unit of prosecution claim and that the federal habeas process "as a whole" was incomplete. Reply at 2. But, the Court is not constrained by Mr. Hahn's characterization of his claims. *Nelson*, 465 F.3d 1149; *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). No matter how carefully he styles his arguments, the true nature of Mr. Hahn's current Rule 60(b) Motion is a continued attack on the Court's imposition of a 25-year consecutive sentence under § 924(c) for a second firearm offense and the Court's related denial of his § 2255 motion.

To the extent Mr. Hahn argues that a subsequent change in substantive law, *i.e.,* the *Rentz* decision, justifies relief under Rule 60(b), "[v]irtually every Court of Appeals to consider the question has held that such a pleading although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531 (citations omitted). The Supreme Court explained:

> Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" In addition to the substantive conflict with AEDPA standards, … use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.

*Id.* at 531–32. Moreover, in analyzing the petitioner's Rule 60(b) motion in *Gonzalez*, the Supreme Court observed that the petitioner's only ground for reopening the judgment that denied his first habeas petition was a subsequent court ruling. Even assuming the more recent ruling revealed that the district court's decision was incorrect, the Supreme Court was not persuaded, finding that it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Id.* at 536. For similar reasons, this Court is not persuaded by an argument that *Rentz* constitutes a decisional change to the substantive law sufficient to bring Mr. Hahn's claim within the contours of a true Rule 60(b) motion.

The Court concludes that Mr. Hahn's purported Rule 60(b) Motion is a second or successive habeas motion that "in substance or effect asserts or reasserts a federal basis for relief from [Mr. Hahn's] underlying sentence." *See Spitznas*, 464 F.3d at 1215–16. The Court,

therefore, lacks jurisdiction to address the merits of Mr. Hahn's Motion. *See* 28 U.S.C. § 2255(h); *Nelson*, 465 F.3d at 1148.

> D. *Transfer to the Tenth Circuit Court of Appeals*

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the Appellate Court] if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citation omitted). "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

It seems unlikely that Mr. Hahn can successfully obtain permission to file a second or successive § 2255 motion since there is no showing that the Supreme Court has recognized a new rule of constitutional law that has been made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2). However, the Court does not find that Mr. Hahn's claim is frivolous or doomed to fail, and it appears that Mr. Hahn asserted his claims in good faith. Therefore, the Court exercises its discretion under 28 U.S.C. § 1631 in transferring this matter to the Tenth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that Mr. Hahn's MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)(4) (Doc. No.

34) is treated as his second motion for relief pursuant to 28 U.S.C. § 2255 and is transferred to the Tenth Circuit Court of Appeals under 28 U.S.C. § 1631; and

      IT IS FURTHER ORDERED that the Clerk of the Court will forward a copy of the Mr. Hahn's Motion (Doc. No. 34), along with a copy of this Memorandum and Order, to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2255(h).

                        _____
                        SENIOR UNITED STATES DISTRICT JUDGE