IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                     No. 1:21-cv-0880-KWR-SMV
                                                               No. 1:00-cr-00082-KWR-SMV-1

MARCUS HAHN,

        Defendant.

## ORDER DIRECTING AMENDMENT

**THIS MATTER** is before the Court on Petitioner's motions to amend and exceed page limits (CV Docs. 10, 11, and 13). Petitioner initiated this case by filing a 28 U.S.C. § 2255 habeas motion (CR Doc. 254; CV Doc. 1). He challenges his federal drug and gun convictions based on, inter alia, ineffective assistance by counsel. After filing his opening pleading, Petitioner submitted a 109-page habeas brief; a 163-page Appendix of Exhibits; and a request to exceed page limits (CV Docs. 4-6). By an Order entered December 9, 2021, the Court denied the motion to exceed page limits; declined to consider the 109-page brief; and permitted Petitioner to file an optional habeas brief that does not exceed 27 double spaced pages. (CV Doc. 7). Plaintiff failed to timely comply and instead filed a motion to reconsider the page limit. (CV Doc. 8). By an Order filed January 21, 2022, the Court denied the motion and fixed a deadline of March 7, 2022 to file the 27 page brief. (CV Doc. 9).

During the next two months, Petitioner filed a 27-page Memorandum along with the instant motions to amend, supplement, and exceed page limits. At this point, it is unclear whether Petitioner intends for the 27-page Memorandum to be the single, controlling pleading or to supplement the original petition (CV Doc. 1). Because the United States has not yet filed its

response, and because certain claims stemming from the amended judgment may be time-barred if the case is dismissed, the Court will deny any request to exceed page limits but grant leave to amend, in part.  By **September 25, 2022**, Petitioner must file a <u>single</u>, amended § 2255 pleading that does not exceed 27 pages.  The amended pleading must include all claims, arguments, and authorities Petitioner wishes to raise.   The amended pleading will supersede all prior filings in the civil case, including the opening pleading (CV Doc. 1).  Said differently, the Court is not going to consider any appendices, briefs, or memoranda filed by Petitioner aside from the single, amended § 2255 pleading unless and until an optional reply is requested.

    The Clerk's Office shall **MAIL** Petitioner another copy of the form § 2255 petition.  If Petitioner uses the form, those pages will be counted toward the 27-page limit.  Petitioner is reminded that Habeas Rule 2(b) only requires him to specify grounds for relief; state the facts supporting each ground; and state the relief requested.  This is Petitioner's last chance to file an appropriate pleading in this case.  If he files anything other than a single, amended pleading (*i.e.,* motion to reconsider, exceed page limit, etc.) or if his amended pleading exceeds 27 pages, this case will be dismissed without further notice.  Petitioner is further warned that no extensions will be granted absent extraordinary circumstances.

    **IT IS SO ORDERED.**

    _____
    **KEA W. RIGGS**
    **UNITED STATES DISTRICT JUDGE**